OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*907 Defendant was indicted for attempted grand larceny in the second degree and several counts of presenting a false insurance claim. The only charges submitted to the jury, however, were attempted grand larceny in the second degree and, as a lesser included offense, attempted grand larceny in the third degree. Moreover, the Trial Judge instructed the jury that defendant Unroch could be found guilty of attempted grand larceny in the second degree if acting in concert with the codefendant he attempted to steal property valued at more than $1,500 from the insurance carrier, but that he could be found guilty of attempted grand larceny in the third degree if he (Unroch), acting alone, attempted to steal property valued at more than $250.
On the evidence presented the distinction drawn in the Judge’s instructions to the jury was correct for unless defendant and the codefendant had acted in concert the amount involved could not have been found to total at least $1,500. The jury having found defendant and his codefendant guilty only of attempted third degree grand larceny, it is clear that they did not find that defendant and his codefendant acted in concert.
Against that background the errors argued by defendant afford no basis for reversal. The informant’s unresponsive answer concerning a bribe offer by defendant’s partner was not objected to by defendant and the Trial Judge instructed the jury that the testimony could be considered only with respect to the partner’s credibility. Denial of defendant’s mistrial motion, therefore, was not error.
The admission of testimony concerning a prior 1978 insurance fraud involving defendant and .codefendant, offered to show that they were acting in concert and on the issue of intent, if erroneous, was nevertheless harmless. The jury’s verdict establishes that they did not find defendant and codefendant to have been acting in concert, and as to intent, defendant’s statements during tape-recorded conversation leave no doubt. For like reasons denial of defendant’s motion for severance made shortly before trial, if error, was harmless, severance having been requested so that the codefendant could testify that defendant was not involved in any of the claims the codefendant submitted.
The more difficult issue concerns the Trial Judge’s denial of defendant’s application for the transcript of the in camera examination of the informant concerning his midtrial meeting with the codefendant. That testimony may have convinced the jury that the informant lied when he testified during trial that he had no thought in his mind to get money from either of the defendants, whereas his in camera testimony was that he *908 thought that might be a possibility. In the usual situation it would be the obligation of the prosecutor to bring such a discrepancy in testimony to the attention of the court (People v Savvides, 1 NY2d 554), but here it was already known to the Trial Judge through the in camera hearing. The Trial Judge should have released so much of the in camera minutes as related to the informant’s answer, but for several reasons we conclude that his failure to do so did not result in an unfair trial. The in camera hearing, which was not objected to by either defendant, was held for the purpose of determining whether the prosecutor would be permitted to introduce testimony concerning the midtrial meeting between the informant and the codefendant and resulted in a ruling excluding that testimony. Having prevented the prosecutor from going into the meeting in his questioning, the Trial Judge apparently concluded on balance that the discrepancy between courtroom answer and in camera testimony was too slight and the tactical advantage denied the prosecutor too prejudicial under the circumstances to warrant introduction of the in camera question and answer. Under those circumstances and bearing in mind the strong evidence against defendant in the form of his own taped admissions, the extreme weakness of the informant’s credibility as a result of other impeaching evidence introduced, and the evident discrediting of his testimony indicated by the jury’s refusal to find that defendant and codefendant acted in concert, we conclude that the error involved in the Trial Judge’s refusal to release the transcript did not result in an unfair trial (cf. People v Fein, 18 NY2d 162, 173-175) and does not require reversal.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.